**William Boyd #11983983**  **Honorable Adrienne Nelson**

TRCI

82911 Beach Access Rd.

Umatilla, OR 97882

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM S. BOYD | Case No. 2:23-cv-01284-AN |
| Plaintiff, | **PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| REYES, et al, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff William S. Boyd, pro se, respectfully moves this Court for the issuance of a Temporary Retraining Order (TRO) against Charles Cox and Alisha Shultz at Two Rivers Correctional Institution (TRCI).

**INTRODUCTION**

This motion seeks to prevent ongoing and imminent harm to Plaintiff resulting from Defendants' deliberate indifference to his medical needs, including but not limited to improper dialysis practices, harassment, and deliberate withholding of appropriate medical care. Plaintiff, an incarcerated individual suffering from end-stage renal disease (ESRD), has presented evidence od Defendants' harmful conduct, which poses an immediate risk of irreparable injury and violates his Eighth Amendment rights.

## LEGAL STANDARD

A temporary restraining order is warranted when the movant establishes: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movants favor; and (4) an injunction is in the public interest. See *Winter v. Natural Defense Council, Inc.* 555 U.S. 7, 20 (2008).

## STATEMENT OF FACTS

1. **Plaintiff's Medical Condition:** Plaintiff suffers from ESRD and requires regular dialysis treatment to survive. Plaintiff's dry-weight has been consistently mismanaged by Defendant Charles Cox, resulting in severe fluid overload, low blood pressure, and severe cardiovascular strain, and severe pulmonary stress.

2. **Improper Dialysis Practices:** Defendant Cox has repeatedly programmed dialysis machines beyond the safe fluid removal threshold of 13 ml/kg/hr, causing hypotension, cardiac stress, and organ damage, in direct contravention of nephrology standards.

3. **Persistent Refusal to Use the Crit-Line:** X-rays revealed significant injuries directly linked to improper dialysis when the Crit-Line would have prevented those injuries. Charles Cox has refused to use that very important monitoring device in Plaintiff's treatment. Plaintiff's medical condition has worsened due to this lack of monitoring.

4. **Harassment and Retaliation:** Plaintiff has experienced harassment and retaliation from Charles Cox and dialysis technician Alisha Shultz, including verbal abuse, aggressive physical handling during treatment, and attempts to discredit his civil rights claims.

5. **Deliberate Indifference:** Despite multiple grievances and medical evidence, Defendants have failed to provide individualized dialysis care and ignored signs of fluid overload, as documented in Plaintiff's affidavits and medical records.

ARGUMENT

I. **Likelihood of Success on the Merits**

Plaintiff's Eighth Amendment claim is supported by substantial evidence. Deliberate Indifference to serious medical needs is established when officials knowingly disregard excessive risks to an inmate's health. See *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The records demonstrate:

- Charles Cox's repeated violation of clinical standards for fluid removal.
- Harassment and retaliation aimed at undermining Plaintiff's medical care and legal claims.
- NAPHCARE's failure to implement corrective actions until after Plaintiff filed suit, which underscores their culpability.

II. **Likelihood of Irreparable Harm**

Plaintiff faces ongoing risks of cardiac stress, pulmonary complications, and psychological distress resulting from unsafe dialysis practices and the continued withholding of appropriate care (the Crit-Line). The harm---including life-threatening health deterioration---is irreparable and immediate without Court intervention.

III. **Balance of Equities**

The balance of equities favors Plaintiff. Granting the TRO will ensure that Plaintiff receives constitutionally adequate medical care while Defendant suffer no undue burden, as compliance with medical standards is their professional duty.

IV. **Public Interest**

Ensuring the humane treatment of incarcerated individuals aligns with public policy and constitutional principles. Denying medical care to Plaintiff not only violates the Eighth Amendment but undermines the integrity of the correctional healthcare system.

**RELIEF REQUESTED**

Plaintiff requests that the Court issue a Temporary Restraining Order directing Defendants to:

1. Cease all retaliatory actions, including harassment and physical aggression by Charles Cox and Alisha Shultz.
2. Cox and Shultz are in no way involved in providing me with any medical care.
3. That it is Nurse **Theresa Diaz** is my primary nurse conducting my dialysis care.
4. Implement the use of the Crit-Line monitoring device for Plaintiff's dialysis treatments to ensure real-time fluid management.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion for a Temporary Restraining Order to prevent further harm and ensure the protection of his constitutional rights.

DATED this 9th day of January, 2025

Respectfully submitted,

William S. Boyd
Plaintiff, Pro Se
SID# 11983983
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882

*WillBoyd 1-9-25*

MOTION FOR TEMPORARY RESTRAINING ORDER    4