Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
PO Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891

*Special Assistant Attorneys General for Defendants Reyes, Roberts, Dieter, Maney, Guevara, B. Smith, and ODOC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| William S. Boyd<br><br>                    Plaintiff,<br><br>vs.<br><br>Erin Reyes; TRCI SUPERINTENDENT<br>Warren Roberts; MEDICAL DIRECTOR<br>Charles Cox; NURSE MANAGER<br>Lyle Smith; NURSE MANAGER<br>C. Dieter; NURSE MANAGER<br>NAPHCARE; DIALYSIS PROVIDER<br>P. Maney; NURSE PRACTITIONER<br>Guevara; ODOC DIETITIAN<br>BETHANY SMITH; ODOC,<br><br>                    Defendants. | No.    2:23-cv-01284-AN<br><br>**SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION TO SUPPRESS HIS COMMUNICATIONS** |

On January 16, 2025, the Court issued and order regarding Plaintiff's to Suppress Phone and Video Calls. Specific to Defendants, the Court ordered:

SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SUPPLEMENTAL                    Page - 1
   MOTION TO SUPPRESS HIS COMMUNICATION: Boyd v. Reyes, et al.

**ORDER:** Defendants are ordered to supplement their Response to the Motion for Protective Order, ECF 70, by describing any requests for production made to plaintiff or third parties regarding plaintiff's communications with Long and Mitchell. The supplemental filings must be submitted no later than January 30, 2025. Ordered by Judge Adrienne Nelson. **\*\*PRINT NEF ONLY\*\*(William Boyd, Prisoner ID: 11983983)** (joha).

State Defendants, Erin Reyes;, Warren Roberts; Charles Cox; Lyle Smith; C. Dieter; ("State Defendants") submit the following Supplemental Response to Plaintiff's Motion to Suppress Phone Calls and Communications, and Motion for Protective Order.

### STATE DEFENDANTS' RESPONSE:

State Defendants request that Court deny Plaintiff's Motion seeking to prevent discovery related to his phone calls with his associates who have assisted him related to this case. There is no federal rule of civil procedure regarding a motion to suppress in civil matters. Instead, the "Federal Rule of Civil Procedure ("FRCP") 26(b)(1) limits the scope of discovery as follows: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… the parties' relative access to relevant information… Information within this scope of discovery need not be admissible in evidence to be discoverable.'" *FTC v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 US Dist LEXIS 97032, at \*5-6 (D Or May 31, 2024)(quoting: FRCP 26(b)(1)). "Discovery is relevant if it is 'reasonably calculated to lead to the discovery of admissible evidence.'" *FTC,* No. 3:24-cv-00347-AN, 2024 US Dist LEXIS 97032, at \*6 (citing: *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

While the Court may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient…" or if the discovery is outside the scope of FRCP 26(b), that is not the case here, as the communications between Plaintiff and these individuals has not been provided in any part as part of discovery in this case, and Plaintiff's motion is attempting to prevent any discovery of these directly relevant communications through his motion. FRCP 26(v)(2)(C)(i), (iii). These communications are relevant to Plaintiff's claims, and Plaintiff's

own filing shows that he has had non-privileged communications with these individuals regarding matters central to the legal issues in this case. Thus, it was Plaintiff's burden to demonstrate why this specific discovery should not be permitted, but he has failed to provide a valid legal basis preventing this discovery. *United States v. McGraw-Hill Cos.*, No. CV 13-779-DOC (JCGX), 2014 U.S. Dist. LEXIS 59425, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Should Plaintiff provide supplemental argument regarding why this discovery should be permitted, State Defendants respectfully request the opportunity to respond, consistent with LR 7(e)(1).

Plaintiff's motion appears to be directed to Defendant Naphcare primarily, as Defendant Naphcare served two associates of Plaintiff Boyd with Subpoenas seeking their patently non-privileged communications related to this case. However, State Defendants are also entitled to relevant discovery related to Plaintiff's claims and Defendants' affirmative defenses, which includes Plaintiff's communications with non-attorneys regarding the facts of his case. Plaintiff's own motion acknowledges that he had communications wherein he "complained about the treatment he was receiving...[during] his incarceration," and that these complaints are in "phone calls…related to this case." ECF No. 144, p 2.

Plaintiff's alleged romantic relationship with Ms. Long and Ms. Mitchell does not afford them any legally valid privilege preventing the discovery of evidence in this case. Plaintiff has not identified a valid privilege preventing the discovery of Plaintiff's communications, and romantic relations are insufficient to qualify for any marital privilege as they are not spouses. *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006); *Obergefell v. Hodges*, 135 S. Ct. 2584, 2593-94 (2015) (explaining that marital privilege is a recognition of society's strong interest in preserving the social institution of marriage). Neither Ms. Long, nor Ms. Mitchell are attorneys for Plaintiff, nor were either of them married to Plaintiff during the time relevant to Plaintiff's claims or thereafter.

Furthermore, Plaintiff's own supplemental filing states that Plaintiff has discussed legal issues related to his case with Ms. Mitchell. ECF No. 144, p. 2. These communications are thus

SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SUPPLEMENTAL
MOTION TO SUPPRESS HIS COMMUNICATION: Boyd v. Reyes, et al.

Page - 3

relevant and they are discoverable as they are not communications between an attorney and client, and Plaintiff has failed to meet his burden to establish that said communications are privileged. *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997) (a party attempting to a preventing disclosure of communications bears the burden in establishing that said communications are privileged). As these communications between Plaintiff and his associates contain discussions of legal issues and his complaints regarding his medical care—which are central to Plaintiff's claims—Plaintiff's filing has established the relevancy of these communications.

  As previously briefed in Defendant Naphcare's prior filing in response to Plaintiff's initial Motion to Suppress, the motion is not compliant with the federal rules of civil procedure, and despite Plaintiff's pro-se status he must still comply with the federal rules and local rules of civil procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiff failed to follow the federal rules of civil procedure and the process he is seeking to prevent the discovery of entirely discoverable documents is not available to him in this case; and as addressed above, Plaintiff's own submissions demonstrate that the communications are relevant to his claims and thus discoverable.

\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

State Defendants request that the Court deny Plaintiff's motion seeking to prevent the discovery of his communications which as he has stated contain his commentary regarding facts central to his claims.

DATED this 29th of January 2025.

DAN RAYFIELD
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*Jennifer Gaddis*

Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
Special Assistant Attorneys General for Defendants
Reyes, Roberts, Dieter, Maney, Guevara, B. Smith, and ODOC

## CERTIFICATE OF SERVICE

      I hereby certify that I caused to be served the foregoing **SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION TO SUPPRESS HIS COMMUNICATIONS** on the date indicated below,

- [   ] Via First-Class Mail with postage prepaid
- [   ] Via Facsimile Transmission
- [X] Via Electronic Filing Notice
- [X] Via Email
- [   ] Via Hand Delivery
- [   ] Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

William S. Boyd
SID No. 11983983
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882
Email: TRCI_EFiling@doc.state.or.us
  *Plaintiff Pro Se*

Ross C Taylor, OSB No. 227035
Hannah R. Cheney, OSB No. 243376
Fox Ballard PLLC
1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
Ph: 206-809-2475
Email: ross@foxballard.com
Email: hannah@foxballard.com
  *Attorney for Defendants Cox, L. Smith, and NaphCare*

DATED this 29th day of January 2025.

          DAN RAYFIELD
          ATTORNEY GENERAL
          FOR THE STATE OF OREGON

*/s/ Jennifer Gaddis*
_____
Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
Tmerritt@ghrlawyers.com
Special Assistant Attorneys General for Defendants
Reyes, Roberts, Dieter, Maney, Guevara, B. Smith, and ODOC