**Ross C. Taylor, OSB No. 227035**
ross@foxballard.com
FOX BALLARD PLLC
1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
Telephone: 206.800.2727
Fax: 206.800.2728

*Attorneys for Defendants NaphCare, Inc., Charles Cox, and Lyle Smith*

Honorable Adrienne Nelson

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM S. BOYD,<br><br>Plaintiff,<br><br>v.<br><br>REYES, et al,<br><br>Defendants. | No. 2:23-cv-01284-AN<br><br>DEFENDANT CHARLES COX'S RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. RESPONSE INTRODUCTION

Plaintiff moves this Court for the extraordinary relief of a temporary restraining order against Defendant Charles Cox, RN and non-party Alisha Shultz. His 4-page Motion is vague and relies on incomplete legal analysis. As articulated in this opposition, Plaintiff is seeking relief that is legally disfavored through an untimely motion. His Motion and the supporting declaration fall far short of providing sufficient evidence, particularly on matters involving medical science and specific forms of medical treatment. Accordingly, Plaintiff does not meet his burden of demonstrating the legal elements that would justify him to relief, particularly where he fails to address additional limiting requirements of the Prison Litigation Reform Act on injunctive and





prospective relief. Accordingly, Defendant Cox provides the following opposition demonstrating why Plaintiff's Motion must be denied.

## II. RELEVANT FACTS

The subject lawsuit relates to medical care Plaintiff has received while a post-conviction prisoner serving time at the Oregon Department of Correction's ("ODOC") Two Rivers Correctional Institution ("TRCI"). At that facility, ODOC provides comprehensive medical care to its patients, while NaphCare, Inc. ("NaphCare") is contracted only to provide certain dialysis services identified by ODOC.[1] These services include "all routine laboratory testing as defined by applicable medical standards; all equipment; all disposable supplies (including dialyzer, blood lines, fistula needles, etc.); specialty laboratory procedures as defined by applicable medical standards; administration of non-dialysis medications prescribed by the treating [ODOC] primary care physician or Nephrologist during the routine dialysis treatment; lab testing and interpretation; water analyses; and other dialysis-related services as designated by [ODOC]."[2]

For several years predating the events at issue, Plaintiff was dependent on dialysis for treatment of end-stage renal disease from glomerulonephritis.[3] Plaintiff was transferred to TRCI on or about August 21, 2021. Upon Plaintiff's arrival at TRCI, orders were placed to continue the medical regimen he had been receiving.[4] Plaintiff underwent the ordered dialysis three times a week, with his care being monitored by a registered nurse.[5] Plaintiff has received consistent care in this manner until present. While at TRCI, Plaintiff's renal disease has been overseen and managed by nephrologist, Dr. Seth Thaler.[6] In relevant part, Dr. Thaler conducts monthly

---

[1] ECF 85, Exh. 4.

[2] *Id.*

[3] *Id.* at Exh. 1, NAPHCARE 002661.

[4] *Id.* at Exh. 2, ROI ODOC-000532-533.

[5] *Id.* at Exh. 3, *e.g.* NAPHCARE 0837-0840.

[6] *See, e.g., id.* at Exh. 1 generally (notes from Dr. Thaler 8/21-7/24).






1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

"[r]eview of the dialysis treatments" for Mr. Boyd, and has expressed no concern of the conduct of Defendant Cox, or any other nurse for that matter.[7] As defined by the contract between ODOC and NaphCare, Inc. treatments administered by staff must be prescribed by a primary care physician or Nephrologist.

While incarcerated and receiving dialysis at TRCI, Plaintiff has complicated his care by being admittedly non-compliant with recommended diet and fluid restrictions.[8] Plaintiff has also attempted to skew important metrics regarding his dialysis treatments by hiding items such as socks or coffee packets on his person to increase his pre-dialysis weight, then discarding the material to affect his post-dialysis weight.[9] This conduct has been witnessed by corrections staff and Plaintiff has been advised of the danger it presents.[10]

Defendant Cox denies providing Plaintiff "inadequate" medical care, and has not "retaliated" or "harassed" Plaintiff in any manner.

## III. AUTHORITY AND ARGUMENT

### A. Plaintiff's Motion Actually Seeks a Legally Disfavored Mandatory Injunction

Plaintiff's Motion is labeled as one for a "Temporary Restraining Order," but as the Defendants have been provided notice and opportunity to respond, it is more accurately a request for a preliminary injunction. *See,* Fed. R. Civ. P. 65. The difference between the two is that a temporary restraining order is a device to "preserve the status quo" prior to a fuller hearing, whereas a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held." *Immigrant Legal Res. Ctr. v. City of McFarland,* 472 F. Supp. 3d 779, 783. Courts have recognized that preliminary injunctions can take one of two forms: (1) prohibitory which prohibits "a party from taking action and preserves the status quo pending a

---

[7] *Id.*

[8] *E.g.* Taylor Decl., Exh. 1 at NAPHCARE 2653-2654(12/14/2021 Thaylor Note).

[9] Taylor Decl., Exh. 3 at NAPHCARE 2671 (8/2/24 correspondence with C. Dieter).

[10] *Id.*






1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

determination of the action on the merits" and (2) mandatory which "orders a responsible party to take action." *Chew v. Legislature of Idaho*, 512 F. Supp. 3d 1124, 1127, *citing Marlyn Nutraceuticals, Inc. v. Mucos Pharma BmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (cleaned up). Although temporary restraining orders and preliminary injunctions are viewed as extreme remedies only warranted in limited circumstances, "a mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Id.*

Here, Plaintiff is not asking to "preserve" any status quo. Instead, he is asking that this Court engage in the practice of medicine to prescribe a "crit line," even though multiple physicians and other medical staff have repeatedly told him that such a device is not medically indicated or necessary. He is further asking this court to pander to his preferences by ordering a non-party be commanded to serve as his "primary nurse," and that Defendant Cox (the only Dialysis Nurse Manager at TRCI), as well as non-party Alicia Shultz, be prohibited from providing him "any medical care." Any preliminary injunction is considered an extreme remedy, but the mandatory injunction Plaintiff is requesting is even more disfavored. As further articulated below, Plaintiff's Motion must be denied.

**B. Plaintiff's Motion for Mandatory Injunction Seeks Impermissible Relief**

As a threshold issue, Plaintiff's request for a mandatory injunction fails as a matter of law. A court's jurisdiction on a preliminary injunction "is limited to the parties in [an] action and to the viable legal claims upon which [an] action is proceeding." *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009). As applied to Plaintiff's Motion, this creates two legal barriers to granting Plaintiff his sought relief: (1) Plaintiff is asking the Court to order mandatory action by non-parties (Ms. Shultz and Ms. Diaz) over whom there is no jurisdiction; and, (2) Plaintiff's operative complaint[11] fails to state claims for which relief can be granted.[12] Further, Plaintiff's Motion claims "harassment" and "retaliation" even though these

[11] ECF 39.

[12] ECF 41.





1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

are not causes of action asserted in this lawsuit. The NaphCare Defendants will not re-argue their pending Fed. R. Civ. P. 12(b)(6) motion, but as directed in part to non-parties and on insufficiently pleaded or unasserted claims, the subject Motion fails as a matter of law.

**C. Plaintiff's Motion Should be Denied as Untimely**

Beyond the issues identified above and still without addressing the substance, Plaintiff's motion is untimely. In evaluating preliminary injunctions, courts consider timeliness and whether the moving party has delayed seeking relief. *See, e.g.*, "[A] plaintiff's delay in seeking relief weighs against granting a TRO." *Perez v. City of Petaluma*, 2021 U.S. Dist. LEXIS 153026, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (denying motion for temporary restraining order where plaintiff waited "a full month" after the issuance of the challenged city resolution to seek a TRO). Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny emergency relief based on delays of as little as ten days. *See, e.g. Oracle Am., Inc. v. Myriad Grp. AG*, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2021) (three-and-a-half month delay); *Devashayam v. DMB Capital Grp.*, 2017 U.S. Dist. LEXIS 209521, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay); *Lee v. Haj*, 2016 U.S. Dist. LEXIS 21378, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) (one-month delay); *Altman v. County of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (ten-day delay).

Here, Plaintiff filed suit in September of 2023. His allegations relate, in relevant part, to dialysis treatment he has been receiving since August of 2021. Objective medical records demonstrate that Plaintiff has been receiving this treatment, directed by his nephrologist and other physicians, as implemented by the NaphCare Defendants and others.[13] Accordingly, the instant motion is untimely. Plaintiff has waited far more than days or even a few months, rather he brings this motion roughly three-and-a-half years since the care at issue was initiated, and seventeen months since filing suit. This provides an independent basis to deny Plaintiff's Motion.

---



[13] Taylor Decl., Exh. 3 *e.g.* NAPHCARE 0837-0840.





1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

**D. Plaintiff Fails to Demonstrate Any, Much Less All, of the Necessary Elements for a Preliminary Mandatory Injunction**

Whether identified as a temporary restraining order or preliminary injunction, such action by a court is considered "an extraordinary remedy [that is] never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7,24 (2008). Instead, either type of injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. Both are governed by the same Rule and share the same legal standard. Fed. R. Civ. P 65; *see, e.g. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). Specifically, the moving party must show (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; (4) an injunction is in the public interest. *Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (citing to *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Alternatively, in the Ninth Circuit, "a plaintiff may also obtain a preliminary injunction by showing 'serious questions go[ing] to the merits' of its claims and a balance of hardships that tips 'sharply' towards the plaintiff, so long as it makes a showing on the other two factors." *A Woman's Friend*, 901 F.3d at 1167 (quoting *Alliance*, 632 F.3d at 1135). However, a plaintiff may not obtain an injunction merely because an irreparable injury is possible; the plaintiff must show that the irreparable injury is likely in the absence of preliminary relief. *Am. Trucking Association, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Here, Plaintiff's Motion does not demonstrate any of the requisite elements for the extraordinary relief he seeks.

Before engaging in an analysis of the elements, it warrants discussing the high burden of proof required for any type of preliminary relief. A court cannot conclude that relief is justified unless a plaintiff meets his burden. *Zander v. Ace Mortg. Funding LLC*, 2011 U.S. Dist. LEXIS 164947, *6. Courts have repeatedly rejected such motions when based only on conclusory declarations. *See, e.g., id* (court cannot conclude burden met based on mere assertion of





1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

conclusory allegations); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006) ("[Plaintiff]'s TRO application and supporting evidence can be described as thin and barebones at best. . ."); *Int'l Tech. Coatings, Inc. v. Trover*, 2012 U.S. Dist. LEXIS 83881, *13-14 (Plaintiff's request was insufficiently demonstrated "because it is based on nothing more than 'conclusory, self-serving affidavit' that lacks 'detailed facts and any supporting evidence'"), *citing United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 638; *U.S.A. Express Cab, LLC v. City of San Jose*, 2007 U.S. Dist. LEXIS 95692, 2007 WL 4612926, at *6 (N.D. Cal. Dec. 31, 2007) (Arguments in briefing and allegations in unverified complaints cannot serve as the basis for injunctive relief.). Here, Plaintiff's Motion relies exclusively on his own declaration with seven conclusory allegations (*e.g.* "I am experiencing inadequate medical care," "[Defendant] Cox has informed Alisha Shultz of his lawsuit and that is why she is harassing me," "I have provided the Court with significant evidence of the harm caused by [Defendant] Cox's nursing and my medical care.")[14] Where Plaintiff's Motion is exclusively based on thin, conclusory, and self-serving allegations, the Court could appropriately deny any extraordinary relief without any further analysis. To the extent the necessary elements are evaluated, however, each is addressed below:

### 1. Plaintiff Has Not Shown Clear Likelihood of Success on the Merits

Plaintiff's operative Complaint attempted to allege an Eighth Amendment deliberate indifference claim regarding his medical care, as well an Oregon State claim for medical negligence.[15] To be eligible for a temporary restraining order, Plaintiff's Motion was required to demonstrate that he is likely to succeed on the merits of these claims. Putting aside, without waiver, that these claims were insufficiently pleaded, he has not demonstrated that he is likely to prevail on either.

---

[14] ECF 134.

[15] ECF 39.





1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

Plaintiff's Civil Rights claim will be addressed first. For prisoners asserting an Eighth Amendment claim based on prison medical treatment, like Plaintiff, they must prove that a state actor acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment," *Id.* at 104. There are three elements to a claim of deliberate indifference: (1) the existence of a serious medical need; (2) a subjective knowledge of that serious medical need by the prison official; and (3) a subjective disregard of that need resulting in the excessive risk to the inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Finally, a plaintiff must show "more than a 'difference of medical opinion' as to the need to pursue one course of treatment over another…" *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Prison authorities have "wide discretion" in the medical treatment afforded prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971).

Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A difference of opinion between inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir 2004). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*,





391 F.3d at 1058. Relatedly, a nurse's scope of practice is limited by law and—in relevant part—directs that he or she "accept and implement orders" from licensed independent practitioners. OARS 851-045-0040(5).

Here, Plaintiff has not demonstrated that Defendant Cox (or anyone else) was deliberately indifferent. Certainly, Plaintiff's self-serving declaration does not satisfy his evidentiary burden for preliminary relief. The reality is that Defendant Cox has carried out the treatment prescribed Dr. Thaler and other providers, in challenging circumstances of a medically non-compliant patient who would go as far as hiding items on his person to skew his weights. That Plaintiff personally disagrees with the medical treatment prescribed does not demonstrate a deliberate indifference claim.

Addressed next is Plaintiff's State negligence claim. Allegations of negligence against medical professionals are medical malpractice claims. *Rogers v. Meridian Park Hosp.*, 307 Ore. 612, 619. In Oregon, to succeed on a medical malpractice claim, a plaintiff must prove the following elements: (1) a duty that runs from the defendant to the plaintiff; (2) breach of that duty; (3) harm measurable in damages; and (4) that the breach caused the harm. *Zehr v. Haugen*, 318 Or 647, 653-54, 871 P2d 1006 (1994). Plaintiff's Motion does not satisfy these elements against any NaphCare Defendant.

In an Oregon medical malpractice case, expert testimony is generally required "because most jurors lack the knowledge necessary to measure a defendant's conduct against the standard of care." *Burton v. Rogue Valley Medical Ctr.*, 122 Ore. App. 22, 26, citing *Tiedemann v. Radiation Therapy Consultants*, 299 Or 238, 246-50, 701 P2d 440 (1985). The witness must demonstrate that he or she is familiar with the treatment customarily used by reasonable careful practitioners in the subject community. *Burton*, 122 Ore. App. at 26, citing *Creasy v. Hogan*, supra, 292 Or 154, 165-167 (1981). A plaintiff is also required to produce expert testimony that "to a reasonable medical probability, the alleged breach of the standard of care caused the plaintiff's injuries." *Chouinard v. Health Ventures*, 179 Or. App. 507, 512, 39 P.3d 951, 953






1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

(2002); see also, *Smith v. Providence Health & Services-Oregon*, 270 Ore. App. 325, 332 ("[w]ithout causation alleged in terms of a reasonable probability, a professional negligence claim fails").

Plaintiff has not produced competent evidence to show negligence on the part of any NaphCare Defendant for breach of their applicable standard of care (nor, as relevant to the deliberate indifference claim, that some action or inaction was medically unacceptable under the circumstances). He has also failed to show that any alleged breach in the standard of care caused him injury to a reasonable medical certainty. To date, Plaintiff has only produced self-serving affidavits which provide his version of events, and his unqualified and incompetent opinions on the standard of care and causation. Plaintiff has essentially conceded that he lacks expert support in his recent motion requesting that this Court designate his dialysis nurse, Theresa Diaz, as an expert witness.[16] Given his inability to provide expert support to show causation in terms of reasonable probability, Plaintiff cannot show that there is a high likelihood that he will succeed on the merits of his claims.

**2. Plaintiff has Not Demonstrated He Will Suffer Irreparable Harm Absent a Mandatory Preliminary Injunction**

It was Plaintiff's obligation to articulate and demonstrate that he will likely suffer irreparable harm in the absence of preliminary relief. He has failed to do so. Plaintiff's Declaration and accompanying documentation contain only conclusory statements regarding his opinions and perceptions about his interactions with non-party Alisha Schultz, which are speculative at best.[17] His repeated demands for use of a crit line are also speculative. Despite Plaintiff's assertion that "crit lines" are standard, he has been informed that they are not used in manner he is demanding. Instead, crit lines are for use in emergency settings to establish the

---

[16] ECF 140.

[17] *Id.*






1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

amount of fluid removal needed in new dialysis patients.[18] Plaintiff has provided nothing more than speculation to support his assertion that Defendant Cox's care, or the lack of a use of a crit line in his dialysis treatment, is causing Plaintiff harm. *Goldie's Bookstore, Inc.*, 739 F.2d at 472 ("Speculative injury does not constitute irreparable injury"); see also *Thomas v. Lewis*, 105 F.3d 666, 1996 WL 742367, * 1 (9th Cir. Dec. 19, 1996) (Unpub. Disp.) ("Thomas's contention that he will suffer irreparable harm because Lewis did not intervene to prevent disciplinary action from being taken against him . . . is speculative and cannot support a claim for injunctive relief"). Further, Plaintiff fails to state or provide evidence supporting how Nurse Theresa Diaz implementing Dr. Thaler's ordered treatment would provide some different outcome from when that treatment is provided by Defendant Cox or another dialysis nurse.

Beyond failing to specifically articulate or prove how a mandatory injunction would change his medical course, Plaintiff fails to demonstrate this element because he does not address the alternate—and much more likely—explanation that his medical condition is anything other than the natural progression of his underlying end stage renal disease. Nor does Plaintiff address his dietary and medical non-compliance and their potential to impact his condition. Throughout his detention at TRCI, Plaintiff has made attempts to interfere with his treatment to his own detriment by manipulating his weights, attempting to change settings on his dialysis machine while receiving treatment, by consuming food he has been advised to avoid, and by consuming fluid in excess of required daily amounts.[19]

The need for a change of, and the impact of a change to, a medical course of treatment are matters of medical science. Plaintiff, however, has neither specifically articulated nor provided competent evidence to demonstrate how any harm would be avoided by granting the sought preliminary mandatory injunction. Having failed to meet his burden on this element, his Motion must be denied.

---

[18] *Id.*

[19] *E.g.* Taylor Decl., Exh. 1 at NAPHCARE 2653-2654, Exh. 3 at NAPHCARE 2671.





1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

**3. Plaintiff's Evaluation of the Balance of Equities is Incomplete**

It was Plaintiff's burden to demonstrate the balance of equities tips in his favor. "The 'balance of equities' concerns the burdens or hardships to [a plaintiff] compared with the burden on [the defendant] if an injunction is ordered." *Porretti v. Dzurenda*, 11 F.4th 1037, 1050 (9th Cir. 2021) (cleaned up). Plaintiff offers no evidence on this topic, instead relying on the conclusory statement that Defendants will suffer "no undue burden" by granting his sought relief.[20] This is not true. There is only one Dialysis Nurse Manager at TRCI, and that is Defendant Cox.[21] It is not possible for Plaintiff to receive dialysis care while having Defendant Cox "in no way involved."[22] Additionally, by staffing schedules and availability, it is not possible to have only one nurse provide Plaintiff's dialysis care.[23] Granting Plaintiff's sought relief would not only jeopardize the ability to continue to provide him dialysis services, but could also impair Defendant Cox and dialysis staff's ability to provide medical care to other patients. Should the Court even reach this element of the evaluation, it must consider that the mandatory preliminary relief that he seeks would create substantial hardship or be nearly impossible to impossible to implement. This provides further basis to deny Plaintiff's Motion.

**4. Plaintiff's Motion Does not Demonstrate Public Interest**

The final element Plaintiff was required to demonstrate was that a preliminary mandatory injunction is in public interest. This element of the evaluation "mostly concerns the injunction's impact on nonparties rather than parties." *Porretti* 11 F.4th at 1050. On this subject, Plaintiff argues that there is "public policy" of providing Constitutional care and that denying medical care "undermines the integrity of the correctional healthcare system."[24] Of course, public policy

---

[20] ECF 133, p.3.

[21] ECF 151 at ¶ 1.

[22] ECF 133, p. 4.

[23] ECF 151 at ¶ 2.

[24] ECF 133, p. 3.






1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

demands that inmates receive humane and appropriate medical care, and Plaintiff has received care in accordance with these principles. The relief he seeks, however, is specific to his own perceptions or desires about how his dialysis care is provided. Indeed, the only rational impact of Plaintiff's sought relief on nonparties would be if some specific individual was commanded to be his sole dialysis nurse. Accordingly, Plaintiff has failed to satisfy this element, providing an independent reason to deny the instant Motion.

### E. Plaintiff's Motion Fails to Address Relevant Restrictions of the Prison Litigation Reform Act

Plaintiff is a post-conviction prisoner at TRCI, meaning the provisions of the Prisoner Litigation Reform Act of 1995 ("PLRA") apply to this litigation. In relevant part, the PLRA restricts the power of the court to grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a); *Oluwa v. Gomez,* 133 F.3d 1237, 1239 (9th Cir. 1998). Beyond the elements already addressed in this opposition, the PLRA mandates that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *See also, Villery v. California Dep't of Corr*., 2016 U.S. Dist. LEXIS 1223, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). Here, Plaintiff's Motion is completely silent to this applicable law. Plaintiff has not demonstrated that the relief he seeks is narrowly drawn, nor that it does not extend further than necessary to correct some harm requiring preliminary relief. Above and beyond all the issues identified in this opposition, Plaintiff's failure to demonstrate the PLRA's additional requirements requires that Plaintiff's Motion be denied.

## IV. CONCLUSION

Plaintiff's untimely Motion seeks extraordinary and disfavored relief against Defendant Cox and non-party Alisha Shultz. To be entitled to mandatory preliminary relief, it was Plaintiff's burden of proving the applicable legal standard and satisfying the requirements of the PLRA. He has absolutely failed to do so. Although self-serving and conclusory statements are always






1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

insufficient for prospective relief, this is particularly true in a matter involving complex issues of medical science. For facts, authority, and argument articulated above, Defendant Cox requests that Plaintiff's Motion for a Temporary Restraining Order be Denied.

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 4,052 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 31 of January 2025.

Ross C. Taylor, OSB No. 227035
FOX BALLARD PLLC
1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
ross@foxballard.com
Attorneys for Defendants NaphCare, Inc., Charles Cox, and Lyle Smith



FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
1102 Broadway, Suite 501 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

**DECLARATION OF SERVICE**

I hereby declare under penalty of perjury under the laws of the State of Washington that I caused a true and correct copy of the foregoing **DEFENDANT CHARLES COX'S RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** to be served via the methods below on this Friday, January 31, 2025, on the following counsel/parties of record:

| | |
|---|---|
| William S. Boyd # 11983983<br>Two Rivers Correctional Institution<br>82911 Beach Access Rd.<br>Umatilla, OR 97882-9419<br><br>***PRO SE*** | ☒ via U.S. Mail, first class, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via E-Service<br>☐ via E-mail:<br>TRCI_EFiling@doc.state.or.us |
| Kim E. Hoyt, OSB No. 914080<br>Jennifer M. Gaddis, OSB No. 071194<br>Garrett Hemann Robertson P.C.<br>4895 Skyline Rd. S.<br>Salem, OR 97306<br><br>***Special Assistant Attorneys General for Defendants Erin Reyes, Warren Roberts, C. Dieter, P. Maney, Elena Guevara, Bethany Smith, and Oregon Department of Corrections*** | ☐ via U.S. Mail, first class, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via E-Service<br>☐ via E-mail:<br>khoyt@ghrlawyers.com<br>jgaddis@ghrlawyers.com |

Signed at Seattle, WA, on this Friday, January 31, 2025.

Eric Hufnagel

Eric Hufnagel, Legal Secretary
FOX BALLARD PLLC
1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
Main: 206.800.2727
Fax: 206.800.2728
eric@foxballard.com