William Boyd #11983983                                    Honorable Adrienne Nelson

TRCI

82911 Beach Access Rd.

Umatilla, OR 97882

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM S. BOYD                           Case No. 2:23-cv-01284-AN

    Plaintiff,                           **PLAINTIFF'S MOTION FOR SANCTIONS**

                                        **AGAINST DEFENDANT CHARLES COX**

    v.

REYES, et al,

    Defendants.

**INTRODUCTION**

Plaintiff, William S. Boyd, pro se, respectfully moves this Court for sanctions against Defendant **Charles Cox** for engaging in **witness intimidation and improper interference** with potential witness, in violation of the **Federal Rules of Civil Procedure (FRCP) 26, 37, 45, 11, and 16.**

Cox improperly approached **Nurse Theresa Diaz,** informing her that Plaintiff intended to call her as a witness. As a **superior to Diaz** and an employee of **Naphcare,** which is also a defendant in this case, Cox's actions were coercive and **compromised the integrity of the judicial process.** This conduct is further exacerbated by the fact that Cox learned of Plaintiff's legal strategy from **defense counsel,** raising serious ethical concerns regarding **improper disclosure of privileged litigation information.**

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST CHARLES COX    1

Given the seriousness of these violations, **Plaintiff requests that this Court impose appropriate SANCTIONS,** including, but not limited to:

1. **Monetary sanctions** against Cox for interfering with a witness.
2. **An order prohibiting Cox from further contact with Diaz** regarding this litigation.
3. **Potential disciplinary referral to the Oregon State Bar** for ethical violations by defense counsel.

While no subpoena has yet been issued, Cox's intimidation of Diaz constitutes a clear attempt to prevent her from testifying freely, violating the principles of witness protection under rule 45.

## I. LEGAL STANDARD FOR SANCTIONS

Federal courts have authority to sanction **litigants and attorneys** for conduct that undermines the **judicial process**. The following FRCP provisions apply to Cox's misconduct:

1. **FRCP 26(b)(3)—Improper Disclosure of Work Product**
    - This rule protects attorney work product, including **litigation strategy** and the identity of **witnesses Plaintiff intends to call.**
    - **Defense counsel improperly disclosed** to Cox that Nurse Diaz would be a witness, violating this protection.
2. **FRCP 37(b)—Sanctions for Discovery Misconduct**



- o **Cox's intimidation of Diaz obstructs the discovery process**, justifying **sanctions** under Rule 37.
3. **FRCP 45(d)(3) – Witness Protection from Undue Burden or Harassment**
    - o This rule allows courts to **quash or modify a subpoena if a witness is being intimidated**.
    - o Cox's **intimidation of Diaz discourages her from testifying truthfully**, violating **the spirit of Rule 45**.
4. **FRCP 11(b) & (c) – Sanctions for Improper Conduct**
    - o Cox's actions constitute **harassment and an attempt to interfere with fair proceedings**, warranting sanctions.
5. **FRCP 16(f) – Sanctions for Pretrial Misconduct**
    - o Cox's interference has **disrupted the litigation process**, justifying **court intervention**.

## II. FACTUAL BACKGROUND

1. **Defense Counsel Disclosed Plaintiff's Legal Strategy to Cox**
    - o Cox was informed by **defense attorneys** that Plaintiff **intended to call Nurse Thera Diaz as a witness**.
    - o This constitutes **improper disclosure of litigation strategy** and violates **Plaintiff's work-product protection under Rule 26(b)(3)**.
2. **Cox Approached Nurse Diaz, Attempting to Influence Her Testimony**
    - o Without Plaintiff ever speaking to Diaz about the lawsuit, **Cox confronted her about Plaintiff's intention to call her as a witness**.
    - o Nurse Diaz **expressed fear and concern**, citing Cox's **authority over her as her immediate supervisor** and her employment with **NaphCare,** which Plaintiff is also suing.
    - o **This constitutes coercion and undue influence over a material witness.**
3. **Cox's Conduct Compromises the Integrity of the Judicial Process**
    - o Cox's **intentional efforts to dissuade Diaz from testifying** interfere with Plaintiff's ability to present evidence.
    - o This is **textbook witness tampering** and violates both **ethical standards and the Federal Rules of Civil Procedure**.

## III. ARGUMENT: SANCTIONS ARE WARRANTED AGAINST COX

### A. Cox's Conduct Violates FRCP 26(b)(3) by Exploiting Privileged Litigation Information

- Plaintiff never informed Nurse Diaz that she would be called as a witness—**all information came from Cox**.
- **Defense counsel improperly disclosed Plaintiff's legal strategy to Cox**, violating **Rule 26(b)(3)'s work-product protection**.

### B. Cox's Actions Constitute Witness Intimidation Under FRCP 45(d)(3)

- **Cox's position of authority over Diaz makes his interaction inherently coercive.**
- **Witness intimidation has been found to justify sanctions** in similar cases (*Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001)).

### C. Cox's Conduct Warrants Sanctions Under FRCP 37(b) for Interference with Discovery

- Rule 37 allows sanctions for **obstructing discovery or interfering with court processes**.
- By **deterring a witness from testifying truthfully**, Cox has **directly interfered with the discovery process**, warranting **strong sanctions**.

### D. Cox's Conduct Violates FRCP 11(b) and (c), Warranting Monetary and Corrective Sanctions

- Cox's **actions were taken in bad faith** and for the **improper purpose of influencing witness testimony**.
- Courts have **imposed monetary sanctions and disqualification orders** for similar misconduct (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

### E. FRCP 16(f) Justifies Sanctions for Pretrial Misconduct That Disrupts the Case

- Cox's conduct **disrupts the discovery and trial process**, meeting the standard for **Rule 16(f) sanctions**.

## IV. REQUESTED SANCTIONS

Based on the foregoing, Plaintiff respectfully requests that the Court:

1. **Issue monetary sanctions against Cox** for **improperly interfering with a witness**.
2. **Order Cox to refrain from any further communication with Nurse Diaz** regarding this case.
3. **Order defense counsel to disclose the extent of their communication with Cox regarding Plaintiff's litigation strategy**.
4. **Refer the matter for possible disciplinary review** regarding the ethical breach in disclosing Plaintiff's witness list to Cox.
5. **Grant any other relief the Court deems appropriate to preserve the integrity of this litigation.**

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court **impose sanctions against Defendant Charles Cox for engaging in improper witness intimidation and interfering with the judicial process.**

**Respectfully submitted,**

**William S. Boyd, Pro Se**
SID# 11983983
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882

Dated: [~~illegible~~]
2-28-25

*/s/ Will Boyd*
2-28-25