Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
PO Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
        *Special Assistant Attorneys General for Defendants Dieter, Maney, Guevara,
        and B. Smith*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| William S. Boyd | No.    2:23-cv-01284-AN |
| Plaintiff, | |
| vs. | **DEFENDANTS DIETER, MANEY, GUEVARA, AND B. SMITH'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME.** |
| WARREN ROBERTS, CHARLES COX, LYLE SMITH, C. DIETER, NAPHCARE, P. MANEY, GUEVARA, and BETHANY SMITH | |
| Defendants. | |

Defendants Dieter, Maney, Guevara, and B. Smith ("State Defendants") provide the following

Response opposing Plaintiff's motion for extension of time in the above captioned case.

I.        INTRODUCTION

On January 22, 2026, Plaintiff counsel's office confirmed and noticed the deposition of

State Defendants Maney and Guevara. *See Decl. Counsel Merritt Ex 1. p. 9.* The remote deposition

**DEFENDANTS DIETER, MANEY, GUEVARA, AND B. SMITH'S RESPONSE**        Page - 1
**OPPOSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**:
*Boyd v. Reyes, et al.*

of Defendant Guevara was to occur on February 20, 2026, and the deposition of Defendant Maney was to occur on February 24, 2026. *Id.* On February 19, 2026, defense counsel had still not received a video link for Defendant Guevara's deposition from Plaintiff's counsel. *Id.* This prompted the office of defense counsel for State Defendants to email Plaintiff's counsel requesting the un-sent video link. *Id. p 8.* Thereafter, less than 24 hours prior to the scheduled deposition of a party in this case, Plaintiff's counsel cancelled the depositions of Defendant Guevara and Maney. *Id. p.7-8.*

Plaintiff's counsel attributed the cancellation of the State Defendants' depositions to outstanding discovery from one of the other defendants and his desire to take the deposition Defendant Roberts before moving forward with other depositions. He did not attribute the cancellation to any action of State Defendants. Plaintiff's counsel did not provide an explanation about why outstanding discovery of another party should have led to the cancellation of State Defendants' depositions. *Id.* Plaintiff's counsel also failed to explain why the potential deposition of Dr. Roberts caused the cancellation on very short notice of the depositions of Guevara and Maney and instead argued that a four-month extension in discovery was necessary. *Id. 4-6.*

Plaintiff's motion for extension of time cites as "good cause" for an extension, that Plaintiff needs additional time to schedule depositions of Defendants, but fails to note that Plaintiff cancelled defendant depositions without a reasonable basis to do so. Plaintiff's unilateral delay absent a reasonable explanation cannot support good cause of Plaintiff's requested extension of the discovery deadline in this case. State Defendants object to the requested extension in discovery in this case.

//

//

**DEFENDANTS DIETER, MANEY, GUEVARA, AND B. SMITH'S RESPONSE**       Page - 2
**OPPOSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**:
*Boyd v. Reyes, et al.*

## II.    POINTS AUTHORITIES AND ARGUMENT FOR RESPONSE

District courts enjoy "broad discretion in supervising the pretrial phase of litigation." *Zivkovi v. S. Cal. Edison Co.*, 302 F 3d 1080, 1087 (9th Cir. 2002) (citation and quotation marks omitted). A scheduling order "may be modified only for ***good cause*** and with the judge's consent." *Kramer v. S. Or. Univ.*, No. 1:13-cv-00340-PA, 2015 US Dist LEXIS 30903, at \*2-3 (D Or Mar. 13, 2015); Fed. R. Civ. P. 16(b)(4) ("objections to any court-imposed deadline . . . must (1) show good cause why the deadlines should be modified, (2) show effective prior use of time, (3) recommend a new date for the deadline in question, and (4) show the impact of the proposed extension on other existing deadlines, settings, or schedules"). Good cause "is an inquiry that focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations*, 975 F2d 604, 609 (9th Cir 1992)); *Estate of Osborn-Vincent v. Ameriprise Fin. Servs.*, No. 3:16-cv-02305-YY, 2019 US Dist LEXIS 149529, at \*4 (D Or Sep. 3, 2019). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification[,] ***if that party was not diligent, the inquiry should end***.;'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) (quoting *Johnson*, 975 F.2d at 609). Plaintiff cannot in good conscience cite the need to schedule Defendant depositions as a good cause basis for seeking an extension in discovery in this case when Plaintiff caused a delay in the Defendant depositions.

Based on the email conferral between counsel, Plaintiff's counsel did not point to any lack of diligence on the party of State Defendants for either cancelling the Maney or Guevara Depositions and instead attributed the cancellation to a separate party. *See Decl. Counsel, Ex 1*. As

such, Plaintiff cannot point to actions of State Defendants (Maney, Guevara, Dieter, or Smith) as contributing to Plaintiff's lack of diligence in following the Court's scheduling order. Plaintiff's decision to cancel State Defendants' depositions cannot then serve as a basis for Plaintiff to seek an extension of discovery in this case. *Gill v. Gill*, 712 F App'x 655, 655 (9th Cir 2018) (upholding sanctions for cancellation of party deposition on short notice).

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F3d 1253, 1261 (9th Cir 2010) citing: *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 US 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions). Plaintiff's cancellation of party depositions with short notice and continued delay of State Defendants' depositions prejudices State Defendants who have diligently provided responsive discovery in this case. Plaintiff's request for a 120-day extension in discovery after causing the most recent delay in discovery is a substantial delay and Plaintiff failed to reasonably explain the reason why the party depositions were cancelled Plaintiff's motion should be denied.

//

//

//

//

//

//

### III.     CONCLUSION

State Defendants request that consistent with the above, the Court should deny Plaintiff's

Motion for Extension of Time.

DATED this 5th of March, 2026.

DAN RAYFIELD
ATTORNEY GENERAL
FOR THE STATE OF OREGON

Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
*Special Assistant Attorneys General for Defendants*
*Dieter, Maney, Guevara, and B. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANTS DIETER, MANEY, GUEVARA, AND B. SMITH'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME** on the date indicated below,

[ ]    Via First-Class Mail with postage prepaid
[ ]    Via Facsimile Transmission
[X]    Via Electronic Filing Notice
[X]    Via Email
[ ]    Via Hand Delivery
[ ]    Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Juan C. Chavez, OSB No. 136428
Oregon Justice Resource Center
PO Box 5248
Portland OR  97208
Ph: 503-944-2270
Email: jchavez@ojrc.info

Ross C Taylor, OSB No. 227035
Fox Ballard PLLC
1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
Ph: 206-809-2475
Email: ross@foxballard.com
*Attorney for Defendants Cox, L. Smith, and NaphCare*

Jennifer A. Street, OSB No. 052419
Glascock Street Waxler LLP
6720 S. Macadam Ave., Ste 125
Portland, Oregon 97219
Email: street@gswlaworegon.com
*Attorney for Defendant Warren Roberts*

DATED this 5th of March, 2026.

DAN RAYFIELD
ATTORNEY GENERAL
FOR THE STATE OF OREGON

Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
*Special Assistant Attorneys General for Defendants*
*Dieter, Maney, Guevara, and B. Smith*

CERTIFICATE OF SERVICE:  *Boyd v. Reyes, et al.*                    Page - 6